# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY D. COOPER, SR., | 1:10-cv-01040 AWI GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT |
| v. | |
| ROBERT C. SMITH, | (Document 1) |
| Defendant. | |

Plaintiff Johnny D. Cooper, Sr. ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint[1] against Defendant Robert C. Smith on June 10, 2010. Plaintiff asks this Court to review the dismissal of an action filed in the Fresno County Superior Court. (Doc. 1.)

## DISCUSSION

**A.    *Screening Standard***

Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a

---

[1]The title of Plaintiff's pleading actually reads "Petition for Review."

1

complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 129 S.Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal* at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

**B.     *1983 Actions***

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a claim under Title 42 of the United States Code section 1983,[2] a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**C.     *Plaintiff's Allegations***

Plaintiff's complaint is actually entitled "Petition for Review," although he does expressly cite to Title 42 of United States Code section 1983 and other federal authorities. The gist of Plaintiff's complaint, however, is that he believes the Fresno County Superior Court erred by granting Defendant's demurrer to Plaintiff's second amended complaint in the state court's case number 08CECG03699 AMC on May 21, 2010. (*See* Doc. 1 at 2 & Att. 7 [Law and Motion Minute Order & Tentative Ruling].) He specifically asks this Court "to review the superior court dismissal decision . . .." (Doc. 1 at 2:22-23.)

---

[2] All further statutory references are to Title 42 of the United States Code unless otherwise indicated.

3

**D.** *Analysis*

For the reasons that appear below, this Court recommends dismissal of this action without leave to amend.

    **1.** *Rooker-Feldman* **Doctrine**

Plaintiff's complaint is a request that the Court review the state court proceeding, however, this Court lacks jurisdiction to do so.

Federal courts lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983). The *Rooker-Feldman* doctrine is based on Title 28 of the United States Code section 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under [42 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'" *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738).

"Federal district courts lack subject matter jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v. Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n. 16). This rule applies to "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 483-487 and n. 16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413; *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937

4

(9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional). Thus, "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994).

The *Rooker-Feldman* doctrine bars this Court's review of the proceedings involving Plaintiff and Defendant in the Fresno County Superior Court case. *Gottfried*, 142 F.3d at 330. In sum, this Court does not have subject matter jurisdiction to review state court judgments such as the one Plaintiff expressly asks this Court to review. For that reasons, this Court will recommend Plaintiff's complaint be dismissed without leave to amend.

**2.    Judicial Immunity**

To the degree Plaintiff's complaint can be interpreted to assert a claim against Fresno County Superior Court Judge Adolfo M. Corona (Doc. 1 at 2:12-13 ["Plaintiff finds that the superior court is unwilling to fulfill its constitutional obligations . . .]), Plaintiff is advised that state court judges and prosecutors are immune from liability under section 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3df 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). Thus, Judge Corona is entitled to immunity in any section 1983 action.

**FINDINGS AND RECOMMENDATIONS**

For the foregoing reasons, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of section 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.

The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:**   **November 12, 2010**                            /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE